IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TASH CASSO,

                Plaintiff,         Case No. 1:11 oe 40006

  -vs-

                                           MEMORANDUM   OPINION

ORTHO-MCNEIL PHARMACEUTICAL,
INC., et al.,

                Defendants.

KATZ, J.

Tash Casso, who is a Minnesota resident, sued Ortho-McNeil Pharmaceutical, Inc. (now know as Janssen Pharmaceuticals, Inc.), Alza Corporation, Johnson & Johnson Pharmaceutical Research and Development, LLC (now known as Janssen Research & Development, LLC), and Johnson & Johnson in the Superior Court of Los Angeles County, California.  Ms. Casso alleged that she had been prescribed the Ortho Evra® birth control patch which allegedly caused her to have a pulmonary embolism and blood clots.  The Defendants moved for summary judgment. (Doc. No. 65).  Ms. Casso has not filed a response.  On September 23, 2014, the Court heard oral argument on the pending motion for summary judgment in this case and several other cases concerning the Ortho Evra® birth control patch.

**I.  Facts**

Ms. Casso was first prescribed the Ortho Evra® birth control patch in June 2005, and continued to use the patch until she suffered a stroke on September 2, 2009.  Ms. Casso filed her complaint on December 8, 2010, in the Los Angeles County Superior Court.  The case was subsequently removed to the United States District Court for the Central District of California before being transferred to the undersigned as related to the Ortho Evra® litigation by the Judicial

Panel on Multidistrict Litigation. *In re Ortho Evra Prods. Liab. Litig.*, 1:06 cv 40000 MDL 1742 (N.D. Ohio). Ms. Casso alleged the following causes of action: 1) strict liability–failure to warn; 2) strict liability–manufacturing defect; 3) negligence; 4) breach of implied warranty; 5) breach of express warranty; 6) deceit by concealment; 7) negligent misrepresentation; and 8) violations of California Business and Professions Code § 17200 and § 17500.

Ms. Casso was prescribed the Ortho Evra® patch by her doctor. The Ortho Evra® package insert, which was in existence when Ms. Casso used the product, contained various warnings.

Ms. Casso admitted she did not read the Ortho Evra® package insert or the detailed labeling. Ms. Casso conceded it was not her practice to read such information with any medication. She also stated that had she read the warnings, they would have been adequate and she would not have used the patch.

There is no dispute that the Ortho Evra® patch was approved by the FDA. *Yates v. Ortho-McNeil Pharm., Inc.*, No. 1:09-oe-40023, slip op. at 7 (N.D. Ohio Apr. 7, 2014). Further, the FDA had approved the product's package insert. *Id*. at 8.

## II. Summary Judgment

The Court has previously dismissed Ms. Casso's failure to warn, negligence, and breach of implied warranty claims. The Defendants have now moved for summary judgment on Ms. Casso's remaining claims of manufacturing defect, breach of express warranty, deceit by concealment, negligent misrepresentation, and California state law claims.

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party

asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court views the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court does not weigh the evidence or determines the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986) (internal quotation marks omitted). If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita,* 475 U.S. at 586). The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that disputes over material facts remain; evidence that is "merely colorable" or "not significantly probative" is insufficient. *Anderson,* 477 U.S. at 248–52.

### III. Manufacturing Defect

In Minnesota, the

> elements of a products liability claim are that (1) a product was in a defective
> condition unreasonably dangerous for its intended use; (2) the defect existed at the

3

>time the product left the defendant's control; and (3) the defect proximately caused the plaintiff's injury. When products liability is based on a manufacturing-flaw theory, a product is in a defective condition if the user could not have anticipated the danger that the product poses.

*Duxbury v. Spex Feeds, Inc.*, 681 N.W.2d 380, 393 (Minn. Ct. App. 2004) (citations omitted). The "core of a manufacturing-defect case is some manufacturing flaw—some deviation from a flawless product—that renders a product unreasonably dangerous." *Kapps v. Biosense Webster, Inc.*, 813 F. Supp. 2d 1128, 1147 (D. Minn. 2011) (citing *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 622 (Minn. 1984)).

As the nonmoving party, Ms. Casso "may not rest upon [her] . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan,* 578 F.3d at 374. Ms. Casso must present sufficient probative evidence supporting her claim and establishing that disputes over material facts remain regarding her manufacturing defect claim. *See Anderson*, 477 U.S. 248–52. This she has not done.

The Court has previously held that under Minnesota's learned intermediary doctrine, a proper warning of a drug's danger to the prescribing doctor obviates the duty to disclose the danger directly to the consumer. (Doc. No. 57, p. 5, citing *In re Levaquin Prods. Liab. Litg.*, 700 F.3d 1161, 1166 (8th Cir. 2012)). Because the Defendants fully disclosed the dangers inherent in the use of the Ortho Evra® patch to physicians, including Ms. Casso's doctor, Ms. Casso has failed to prove that she "could not have anticipated the dangers" the patches posed. *Duxbury*, 681 N.W.2d at 393.

Further, Ms. Casso has presented no evidence establishing that the Ortho Evra® patches she used deviated from either the manufacturing specifications or from other identical patches. Thus, she has not established the required deviation from a flawless product that rendered the

4

patches she used unreasonably dangerous. *Kapps*, 813 F. Supp. 2d at 1147. Because Ms. Casso has failed to present any evidence to show that there is a genuine issue for trial regarding her manufacturing defect claim, the Defendants are entitled to summary judgment on this issue. *Moldowan,* 578 F.3d at 374.

### IV. Breach of Express Warranty

The Minnesota courts have stated:

> The elements for a claim of breach of warranty . . . are (1) the existence of a warranty; (2) breach of the warranty; and (3) causation of damages. *Peterson v. Bendix Home Sys., Inc*., 318 N.W.2d 50, 52–53 (Minn. 1982). When a seller makes "any affirmation of fact or promise" about a product, an express warranty arises that the product will conform to that promise. Minn. Stat. § 336.2-313(1)(a) (2002). It is not necessary that the promise be characterized as a warranty. *Id*. at § 336.2-313(2) (2002).

*Duxbury*, 681 N.W.2d at 393.

The facts are undisputed that prior to using the Ortho Evra® patches, Ms. Casso had no contact with the Defendants. She was unaware of any advertisements regarding the patch and had never heard of the patch until it was recommended by her doctor. Ms. Casso admittedly never saw any advertisements regarding the patch, never read anything about the product, and never performed an internet research regarding the product. Because Ms. Casso has failed to establish that the Defendants gave her some affirmation of fact or description regarding the Ortho Evra® patch which induced her to use the product, the Defendants are entitled to summary judgment as a matter of law regarding this claim.

### V. Deceit by Concealment

Ms. Casso alleged that the Defendants engaged in deceit by concealment in violation of Cal. Stat. §§ 1709 and 1710. Ms. Casso is a resident of Minnesota and received the Ortho Evera®

5

patches from her physician in Minnesota. Ms. Casso has established no contact with California regarding her receipt of the Ortho Evera® patches. The state courts of California have held that these statutes do not apply to nonresidents arising from conduct occurring entirely outside California. *Norwest Mortg., Inc. v. Superior Court*, 85 Cal. Rptr. 2d 18, 23 (Cal. Ct. App. 1999). Because Ms. Casso is not a resident of California and did not receive the patches in California, she may not avail herself of these statutes. *Id.* Accordingly, the Defendants are entitled to summary judgment on this claim.

### VI. Negligent Misrepresentation

To prevail on a negligent misrepresentation claim in Minnesota, a plaintiff must establish: "(1) a duty of care owed by the defendant to the plaintiff; (2) the defendant supplies false information to the plaintiff; (3) justifiable reliance upon the information by the plaintiff; and (4) failure by the defendant to exercise reasonable care in communicating the information." *Williams v. Smith*, 820 N.W.2d 807, 815 (Minn. 2012).

As the Court has previously noted, because the Defendants have moved for summary judgment, Ms. Casso, as the nonmoving party, "may not rest upon [her] . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan,* 578 F.3d at 374. Ms. Casso has not shown that the Defendants supplied her false information and that she relied on the information. *Williams*, 820 N.W.2d at 815. To the contrary, the undisputed facts establish that the Defendants supplied an FDA approved warning brochure regarding the use of the Ortho Evera® patch with the product. Ms. Casso admittedly never read the warning information. Ms. Casso conceded that she never relied upon any information provided by the Defendants. Because the Defendants made no misrepresentations regarding the possible side

6

effects of using the patch, the Court finds Ms. Casso has failed to establish a claim of negligent misrepresentation. *Id.* The Defendants are entitled to summary judgment on this claim.

### VII. Violation of California Business & Professions Code § 17200 and § 17500

Like Ms. Casso's deceit by concealment claim, she is not entitled to avail herself of the benefits of these statutes. *Norwest Mortg., Inc.*, 85 Cal. Rptr. 2d at 23.

### VIIII. Conclusion

Accordingly, Defendants' motion for summary judgment (Doc. No. 65) is granted.

IT IS SO ORDERED.

                                          s/ *David A. Katz*
                                          DAVID A. KATZ
                                          U. S. DISTRICT JUDGE